IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACQUES WALKER, | |
| **Plaintiff,** | |
| v. | Case No. 25-cv-00115-SPM |
| WEXFORD HEALTH SOURCES INC., and UNKONWN DOE DEFENDANTS, | |
| **Defendants.** | |

### MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a Partial Motion to Dismiss filed by Defendant Wexford Health Sources, Inc. (Wexford). (Doc. 18, 19). The motion is unopposed by Plaintiff. (Doc. 22).

#### BACKGROUND

Plaintiff, an inmate within the Illinois Department of Corrections, commenced this action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights that occurred while he was housed at Shawnee Correctional Center. (Doc. 1). Plaintiff, who has sickle cell anemia, alleges that on May 5, 2023, he had a sickle cell crisis. (*Id.* at p. 3, 4). He began experiencing shortness of breath and extreme pain through his body. (*Id.* at p. 3). Defendants ignored his pleas for medical assistance throughout the night and into the next morning. On May 6, 2023, sometime between 7 and 8 a.m., Plaintiff was found in his cell unresponsive, unconscious, and without a pulse. (*Id.*). Plaintiff was taken to the emergency room at Barnes Jewish Hospital, where he underwent multiple surgeries. (*Id.* at p. 4). Plaintiff had suffered from anoxic brain damage, cerebral infraction, acute respiratory failure with hypoxia, acute kidney failure, hyperosmolality, and hypernatremia. On May 24, 2024, Plaintiff was transferred to Kindred Hospital. Following a neurological assessment,

the doctor recorded that Plaintiff's speech was difficult to understand; Plaintiff was unable to follow a conversation and required cues; Plaintiff needed orientation to person, place, and time; and Plaintiff was completely immobile. (*Id.*).

Plaintiff brings Count 1 against all defendants for violations of his constitutional rights under the Eighth Amendment for deliberate indifferences to his serious medical needs. He also brings Count 2 against Wexford under 42 U.S.C. § 1983 for deliberate indifferent policies and procedures that resulted in inadequate medical care.

## MOTION TO DISMISS

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to decide the adequacy of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly,* 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting

as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson,* 910 F.2d at 1520. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sanders v. Melvin,* 25 F.4th 475, 483 (7th Cir. 2022) (internal quotations and citations omitted).

Defendant Wexford first argues that Count 1 should be dismissed. Wexford states that Count 2 asserts the same constitutional right as Count 1 but is brought solely against Wexford under a theory of *Monell,* rendering Count 1 against Wexford superfluous and moot. (Doc. 1, p. 2). In the alternative, Wexford argues that Count 1 should be dismissed because Count 1 fails to state a cognizable claim. (*Id.* at p. 5).

The Court agrees that Count 1 against Wexford should be dismissed. Not only is it redundant with Count 2 but Count 1 fails to state a claim against Wexford. A private corporation may only be held liable under Section 1983 for an unconstitutional policy or custom that results in the injury at issue. *Perez v. Fenoglio*, 792 F.3d 768, 780 (7th Cir. 2015). Thus, to state a Section 1983 claim against a private corporation, a plaintiff must sufficiently plead that that the violation was caused by (1) an express corporate policy; (2) a widespread and persistent practice that amounted to a custom approaching the force of law; or (3) an official with final policymaking authority. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91, 98 (1978). Count 1 is devoid of any allegations that Wexford maintained a policy or practice that violated Plaintiff's right to adequate medical treatment. Thus, Count 1 is dismissed as to Wexford.

Wexford next argues that paragraph 61 of Count 2 should be stricken under Federal Rule of Civil Procedure 12(f). (Doc. 19, p. 5-7). In paragraph 61 of the Complaint, Plaintiff states:

> In addition, Wexford should be held liable under 42 U.S.C. §1983 for the damages caused by the deliberate indifference of its employees and agents acting within the scope of their employment with respect to the occurrence described above with respect to Mr. Walker. *See Shields v. Ill. Dep't of Corr.,* 746 F. 3d 782, 793-95 (7th Cir. 2014).

(Doc. 1, p. 9-10). Wexford argues that this paragraph should be stricken as "immaterial" because private corporations cannot be held liable under a theory of *respondeat superior* in Section 1983 claims. (Doc. 19, p. 5-7).

The request is not opposed, and existing law precludes Plaintiff from bringing a *respondeat superior* claim against Wexford under Section 1983. *See Peterson v. Wexford Health Sources, Inc.*, 986 F. 3d 746, 754 (7th Cir. 2021) (citations omitted). The request is granted, and the paragraph will be stricken.

## DISPOSITION

For the reasons stated above, the Motion to Dismiss filed by Wexford Health Sources, Inc. is **GRANTED**. (Doc. 18). Count 1 against Wexford Health Sources, Inc. is **DISMISSED with prejudice**. The Complaint is amended by interlineation to **STRIKE** all of paragraph 61. (Doc. 1, p. 9-10).

**IT IS SO ORDERED.**

**DATED:** May 19, 2025

                                                 *s/Stephen P. McGlynn*
                                                 **STEPHEN P. MCGLYNN**
                                                 **U.S. District Judge**