## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACQUES WALKER,

      **Plaintiff,**

v.

WEXFORD HEALTH SOURCES, INC.,[1]
*et al.*,

      **Defendants.**

Case No. 25-cv-00115-SPM

### MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on two Motions to Dismiss filed by Third-Party Defendants Deaconess Regional Healthcare Services Illinois, Inc.,[2] Deaconess Health System, Inc., and Dr. Mustafa Hindi. (Doc. 51, 63).

### BACKGROUND

Plaintiff, an inmate within the Illinois Department of Corrections, commenced this action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights that occurred while he was housed at Shawnee Correctional Center (Shawnee). (Doc. 38). Plaintiff, who has sickle cell anemia, alleges that on May 5, 2024, he had a sickle cell crisis, and his repeated requests for medical assistance were ignored by Shawnee staff. The following morning, Plaintiff asserts that he was found unresponsive in his cell and taken to the emergency room at Barnes Jewish Hospital in St. Louis, Missouri. At the hospital, he underwent multiple surgeries and procedures. Plaintiff was later discharged from Barnes Jewish Hospital and transferred to Kindred Hospital in Chicago, Illinois. At the time of his hospital transfer, Plaintiff states that he had suffered anoxic brain

---

[1] The Clerk of Court is **DIRECTED** to correct Defendant Wexford's name on the docket as follows: Wexford Health Sources, Inc. (*See* Doc. 53).

[2] Doing business as Deaconess Illinois Medical Center and formerly known as Heartland Regional Medical Center.

damage, cerebral infraction, acute respiratory failure with hypoxia, acute kidney failure, hyperosmolarity, and hypernatremia. Following a neurological assessment at Kindred Hospital, according to Plaintiff, the doctor recorded that Plaintiff's speech was difficult to understand; Plaintiff was unable to follow a conversation and required cues; Plaintiff needed orientation to person, place, and time; and Plaintiff was completely immobile.

Plaintiff brings Count 1 against all individual defendants, who are correctional officers and medical professionals, for deliberate indifferences to his serious medical needs in violation of the Eighth Amendment. He also brings Count 2 against the corporation Wexford Health Sources, Inc. (Wexford) for deliberate indifferent policies and procedures that resulted in inadequate medical care.

On November 11, 2025, Wexford filed a Third-Party Complaint against Third-Party Defendants Deaconess Regional Healthcare Services Illinois, Inc. (HRMC), Deaconess Health System, Inc. (DHS), and Dr. Mustafa Hindi. (Doc. 41). Wexford asserts a medical negligence claim against Dr. Hindi (Count 1), a vicarious liability claim against HRMC and DHS (Count 2), an institutional negligence claim against HRMC and DHS. (Count 3), and a negligent credentialing claim against HRMC and DHS (Count 4). Wexford argues that Third-Party Defendants are or may be liable to Wexford for all or part of Plaintiff's claims against Wexford and seeks a reduction or offset against any amount Wexford is found to be liable to Plaintiff by the percentage attributable due to the negligence of Third-Party Defendants. (*Id.* at p. 52).

On December 17, 2025, Third-Party Defendants filed their first Motion to Dismiss. (Doc. 51). In the Motion, Third-Party Defendants argue that the Third-Party Complaint should be dismissed because Wexford failed to file a certificate of merit along with the Third-Party Complaint, as is required under Illinois state statute, 735 ILCS 5/2-622, in medical negligence claims. Wexford opposes the Motion. (Doc. 53). On February 27, 2026, Wexford filed a Motion

for Leave to Supplement its Response with the Supreme Court's recent decision in *Berk v. Choy,* in which the Supreme Court found that a similar Delaware law requiring an affidavit of merit to accompany the complaint was at odds with the pleading requirements of Federal Rule of Civil Procedure 8. 607 U.S. 187, 199 (2026) (holding that "Delaware's affidavit law does not apply in federal court"). The Motion for Leave to Supplement is unopposed, and in accordance with Local Rule 7.1(a)(6), the Motion for Leave to Supplement filed by Wexford is **GRANTED**. (Doc. 62).

After Wexford filed the Motion for Leave to Supplement, Third-Party Defendants filed a second Motion to Dismiss and a Motion to Withdraw their first Motion to Dismiss. (Doc. 63, 66). In the Motion to Withdraw, Third-Party Defendants assert that they seek to withdraw the first Motion to Dismiss based on the ruling in *Berk v. Choy*. The Motion to Withdraw is **GRANTED** and the first Motion to Dismiss is **DEEMED WITHDRAWN**. (Doc. 51, 66). The second Motion to Dismiss filed by Third-Party Defendants is now before the Court. (Doc. 63).

### SUCCESSIVE FILINGS

In opposition to the second Motion to Dismiss filed pursuant to Rule 12(b)(6), Wexford first argues that the Motion is procedurally improper under Federal Rules of Civil Procedure 12(g)(2) and 12(h)(2) because it constitutes an impermissible successive filing. (Doc. 67, p. 2). Third-Party Defendants counter that Wexford has ignored the ruling in *Ennenga v. Starns*, 677 F.3d 766 (7th Cir. 2012). (Doc. 68, p. 1). They point out that in *Ennenga,* the Seventh Circuit held that Rule 12 "does not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion," because "Rule 12(h)(2) specifically excepts failure-to-state-a-claim defenses from the Rule 12(g) consolidation requirement." (*Id.*) (citing *Ennenga,* 677 F.3d at 773)). Third-Party Defendants contend that under the holding in *Ennenga*, their second Motion to Dismiss is exempted from the prohibition against successive filings in Rule 12(g) and should not be dismissed.

Rule 12(g) of the Federal Rules of Civil Procedure prohibits a party who has filed a Rule 12 motion from making "another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2). There are, however, exceptions to this prohibition. *See Id*. Applicable to this case is Rule 12(h)(2) which allows a party to present failure-to-state-a-claim arguments in any pleading allowed under Rule 7, in a motion under 12(c), and at trial. FED. R. CIV. P. 12(h)(2). As stated above, in *Ennenga*, the Seventh Circuit held, after examining the text of Rules 12(g)(2) and 12(h)(2), that "Rule 12(h)(2) specifically excepts failure-to-state-a-claim defenses from the Rule 12(g) consolidation requirement." *Id.* at 773. Accordingly, a "litigant need not consolidate all failure-to-state-a-claim arguments in a single dismissal motion," and Rule 12(g)(2) "does not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion." *Id.* at 773. While the Court is more inclined to agree with the Third and Ninth Circuits' interpretation of Rules 12(g) and (h),[3] at this time, successive Rule 12(b)(6) arguments are not prohibited under Rule 12(g)(2) in the Seventh Circuit, and Third-Party's second Motion to Dismiss is permissible.

## MOTION TO DISMISS

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to decide the adequacy of the complaint. *Gibson v. City of Chi*., 910 F.2d 1510, 1520 (7th Cir. 1990). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune*

---

[3] *See Layse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 321 (3d Cir. 2015) (stating that ,"[W]e find that *Ennenga's* logic 'fails to address the language from Rule 12(h)(2) that arguably limits a party to presenting successive failure-to-state-a-claim arguments in a pleading, a motion for judgment on the pleadings, or at trial.") (citations omitted); *In re Apple iPhone Antitrust Litig.,* 846 F.3d 313, 318 (9th Cir. 2017) (disagreeing with *Ennenga* and finding that "[i]f failure-to-state-a-claim defense under Rule 12(b)(6) was not asserted in the first motion to dismiss under Rule 12, Rule 12(h)(2) tells us that it can be raised, but only in a pleading under Rule 7, in a post-answer motion under Rule 12(c), or at trial.").

*Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly,* 550 U.S. at 555. *See also Ashcroft v. Iqba*l, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs*., 496 F.3d 773, 776 (7th Cir. 2007).

Third-Party Defendants' primary argument is that there is no right to contribution under Section 1983 and so Wexford's Third-Party Complaint fails as a matter of law. (Doc. 64). Wexford responds that it is not seeking contribution based on Section 1983 liability. Rather, Wexford asserts that it seeks to "hold the Third-Party Defendants liable based on their own independent wrongful conduct – the negligent medical care which caused Plaintiff's injury." (Doc. 67, p. 7, 8). The plain text of Rule 14 makes clear that this is not allowed, and the second Motion to Dismiss will be granted.

Federal Rule of Civil Procedure 14(a) permits a defendant to implead a third party "who is or may be liable to it for all or part of the claim against it." "[T]he distinguishing characteristic of a claim filed pursuant to Rule 14(a) is that the defendant is attempting to transfer to the third-party defendant the liability asserted against the defendant by the original plaintiff." *Forum Ins. Co. v. Ranger Ins. Co.,* 711 F.Supp. 909, 915 (7th Cir. 1989) (citations omitted). In other words, liability "required to justify impleader must arise out of the plaintiff's claim against the defendant and not out of an asserted defense or counter claim of the defendant." *Freene Line Mfg. Corp. v. Fibreboard Corp*., 130 F.R.D. 397, 400 (N.D. Ind. Apr. 19, 1990).

Third-Party Defendants cannot be secondarily liable to Wexford on an independent negligence claim asserted by Wexford on Plaintiff's behalf. Rule 14 "does not permit [Wexford] to bring in a third party solely on the basis that the third party is liable to [P]laintiff." *Merchants*

Page 5 of 7

*Nat. Bank of Winona v. Hartford Acc. & Idem. Co.*, 377 F. Supp. 1344, 1346 (D. Minn. July 16, 1974). *See also Pitcavage v. Mastercraft Boat Co.,* 632 F. Supp. 842, 845 (M.D. Penn. 1985) ("Impleader is not proper when the third-party plaintiff alleges only that the third-party defendant is solely liable to the plaintiff."); *Aasha Dennis v. Westbank Fishing, LLC*, No. 25-1963, 2026 WL 2103573, at * (E.D. La. July 22, 2026) ( "A defendant may not implead someone under Rule 14(a) who is solely liable to the plaintiff; instead, a judgment against a third-party defendant must inure to the benefit of the third-party plaintiff.") (citations omitted). Nor can Wexford use Rule 14 to blame shift in order to add Third-Party Defendants. Wexford's assertion that the Third Party's negligence "caused the very injuries for which Wexford is now being sued" (Doc. 67, p. 6), does "satisfy Rule 14(a)'s secondary liability requirement." *Design/Craft Fabric Corp. v. Lit-Pac, Inc.,* 1989 WL 106681, at *2 (N.D. Ill. 1989) ("a defense to the original action is not the basis of a third-party action which presupposes the original defendant's liability which he is attempting to pass on to the third-party defendant" (citing *Parr v. Great Lakes Express Co.,* 484 F.2d 767, 769 (7th Cir. 1973))).

Wexford has not established how Third-Party Defendants would be secondarily liable if it is found liable under Section 1983, and by its own words, Wexford's claims against Third-Party Defendants are "independent" and not contingent on the outcome of the main claim. Therefore, Rule 14(a) is not the proper vehicle by which Wexford can seek relief from Third-Party Defendants. As Wexford has not established a viable claim for contribution against Third-Party Defendants, the second Motion to Dismiss is granted. (Doc. 63). The Third-Party Complaint will be dismissed.

DISPOSITION

For the reasons stated above, the Motion for Leave to Supplement filed by Wexford is **GRANTED**. (Doc. 62). The Motion to Withdraw the first Motion to Dismiss filed by Third-Party

Defendants is **GRANTED**. (Doc. 66). The first Motion to Dismiss filed by Third-Party Defendants is **DEEMED WITHDRAWN**. (Doc. 51).

The second Motion to Dismiss filed by Third-Party Defendants is **GRANTED**. (Doc. 63). The Counts 1, 2, 3, and 4 and the entire Third-Party Complaint are **DISMISSED**. (Doc. 41, p. 25-53). The Clerk of Court is **DIRECTED** to terminate Deaconess Regional Healthcare Services, Deaconess Health System, Inc., and Mustafa Hindi as defendants on the docket.

**IT IS SO ORDERED.**

**DATED: August 13, 2026**

**STEPHEN P. MCGLYNN**
**U.S. District Judge**