**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

JACQUES WALKER,

        **Plaintiff,**

v.

                                    **Case No. 25-cv-00115-SPM**

WEXFORD HEALTH SOURCES, INC.,
 *et al.,*

        **Defendants.**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a Motion to Dismiss for Failure to State a Claim filed by Defendants Bristow, Dalton Chumbler, Garrett, Chumbler, Ford, Messer, Neibel, and Perruquet. (Doc. 65). Plaintiff Jacques Walker opposes the Motion in part. (Doc. 69). For the following reasons, the Motion is granted in part and denied part.

### ALLEGATIONS IN THE COMPLAINT

Plaintiff, an inmate within the Illinois Department of Corrections, commenced this action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights that occurred while he was housed at Shawnee Correctional Center (Shawnee). (Doc. 38). Plaintiff, who has sickle cell anemia, alleges that on May 5, 2024, he had a sickle cell crisis, and his repeated requests for medical assistance were ignored by Shawnee staff. The following morning, Plaintiff asserts that he was found unresponsive in his cell and taken to the emergency room at Barnes Jewish Hospital in St. Louis, Missouri. At the hospital, he underwent multiple surgeries and procedures. Plaintiff was later discharged from Barnes Jewish Hospital and transferred to Kindred Hospital in Chicago, Illinois. At the time of his hospital transfer, Plaintiff states that he had suffered anoxic brain damage, cerebral infraction, acute respiratory failure with hypoxia, acute kidney failure,

hyperosmolarity, and hypernatremia. Following a neurological assessment at Kindred Hospital, according to Plaintiff, the doctor recorded that Plaintiff's speech was difficult to understand; Plaintiff was unable to follow a conversation and required cues; Plaintiff needed orientation to person, place, and time; and Plaintiff was completely immobile.

Relevant to the Motion to Dismiss, Plaintiff brings Count 1 against Defendants Bristow, D. Chumbler, G. Chumbler, Ford, Messer, Neibel, and Perruquet, all who are described as Shawnee Correctional Officers, for deliberate indifferences to his serious medical needs in violation of the Eighth Amendment [1]

**MOTIONS TO DISMISS**

### I.    Legal Standard

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to decide the adequacy of the complaint. *Gibson v. City of Chi*., 910 F.2d 1510, 1520 (7th Cir. 1990). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co*., 521 F.3d 686, 699 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly,* 550 U.S. at 555. *See also Ashcroft v. Iqba*l, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs*., 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads

---

[1] Plaintiff also asserts Count 1 against Defendants Law, Flowers, Sharp, Fisher, Harrelson, and Murphy. These Defendants have not been served with a summons and complaint.

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson,* 910 F.2d at 1520. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sanders v. Melvin,* 25 F.4th 475, 483 (7th Cir. 2022) (internal quotations and citations omitted).

## II.      Eighth Amendment Claim of Deliberate Indifference (Count I)

When asserting a deliberate indifference claim, a plaintiff must put forward facts implicating both an objective and subjective element, "namely that: (1) an objectively serious medical need was deprived; and (2) the official knew that the risk of injury was substantial but nevertheless failed to take reasonable measures to prevent it." *Chapman v. Keltner,* 241 F.3d 842, 845 (7th Cir. 2001) (citing *Henderson v. Sheahan,* 196 F.3d 839, 845 (7th Cir. 1999)). *See also Arnett v. Webster,* 658 F.3d 742, 750 (7th Cir. 2011).

### a.  Garrett Chumbler and Dalton Chumbler

Defendants Garrett Chumbler and Dalton Chumbler argue that they should be dismissed because they "do not appear in the caption of Plaintiff's first amended complaint, and Plaintiff alleges no specific act or conduct on the part of either Defendant." (Doc. 65, p. 3). Plaintiff does not oppose their dismissal. (Doc. 69, p.1). Accordingly, the Motion to Dismiss is granted as to Defendants Garret Chumbler and Dalton Chumbler.

**b. Bristow, Ford, Messer, Neibel, and Perruquet**

The remaining Defendants argue that Plaintiff has failed to state a claim because the First Amended Complaint is factually insufficient, and Plaintiff has failed to plead that Defendants acted with the requisite culpable state of mind. (Doc. 65, p. 4-5). The Court disagrees.

Accepting Plaintiff's allegations as true, Plaintiff has sufficiently stated a claim of deliberate indifference against Defendants Bristow, Ford, Messer, Neibel, and Perruquet. Plaintiff alleges that on or around May 5, 2024,[2] he and other inmates "repeatedly complained to Defendants," which included Correctional Officers Bristow, Ford, Messer, Neibel, and Perruquet, that he was experiencing shortness of breath and extreme pain throughout his body. (Doc. 38, p. 4). He further asserts:

> 26. Throughout that night, including overnight and into the next morning, Mr. Walker repeatedly cried out for help to the Defendants, over and over. Mr. Walker indicated, *inter ali*a, that he was going to die.
> 27. Defendants simply ignored his cries and requests for assistance.
> 28. As Mr. Walker's condition continued to deteriorate, other inmates in cells near Mr. Walker repeatedly and loudly called out to the Defendants to help Mr. Walker.
> 29. Some inmates banged on their cells, demanding that Defendants attend to Mr. Walker.
> 30. Defendants continued to ignore Mr. Walker.

(*Id.* at p. 4-5).

Based on these facts, Plaintiff has established that Defendants were alerted that he needed medical care for a serious condition at some point around May 5, 2024, and then they failed to take further action to provide needed medical assistance. *See Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (the official must know of and disregard an excessive risk to the inmate's health). The extent of each individual Defendant's involvement in his care and whether each Defendant's

---

[2] Plaintiff's reference in the First Amended Complaint to May 5, 2023, rather than May 5, 2024, on page 4 is clearly a typographical error and does not render the Eighth Amendment claim implausible as argued by Defendants. (Doc. 65, p. 4).

actions or inactions were reasonable and caused Plaintiff injury are disputed issues that will be left to discovery and summary judgment. But for now, Plaintiff has provided enough information to put Defendants Bristow, Ford, Messer, Neibel, and Perruquet on notice of his claim. *See Hefferman v. Bass,* 467 F.3d 596, 599 (7th Cir. 2006) ("[t]he point of a notice pleading standard is that the plaintiff is not required to plead either facts or legal theories"). Accordingly, the Motion to Dismiss is denied as to Defendants Bristow, Ford, Messer, Neibel, and Perruquet. (Doc. 65).

### DISPOSITION

For the reasons stated above, the Motion to Dismiss filed by Defendants Bristow, D. Chumbler, G. Chumbler, Ford, Messer, Neibel, and Perruquet is **GRANTED in part** and **DENIED in part**. (Doc. 65). **COUNT 1** is dismissed against Defendants Garrett Chumbler and Dalton Chumbler. The Clerk of Court shall **TERMINATE** them as parties on the docket.

**IT IS SO ORDERED.**

**DATED: August 13, 2026**

**STEPHEN P. MCGLYNN**
**U.S. District Judge**